SANDERS *v*. MISSOURI PACIFIC RAILROAD COMPANY.

4-4664.                                    106 S. W. 2d 177

Opinion delivered May 24, 1937.

For the case on second appeal see 196 Ark. 269.

*Griffin & Griffin* and *J. Paul Ward,* for appellant.

*Thos. B. Pryor, H. L. Ponder, Jr.,* and *H. L. Ponder,* for appellee.

GRIFFIN SMITH, C. J.   Appellant alleged and testified that he was severly injured in September, 1935, as the result of a fall occasioned through negligence of a fellow-servant.   The trial court ruled that proof offered on appellant's behalf was not sufficient to establish liability, and so instructed the jury.

The accident occurred near Vineland, Mo., and suit was brought under the Federal Employers' Liability Act.   Appellant was working with others in constructing a large form into which concrete was to be poured in the process of building bridge piers.   The lining of the structure was made of one-inch "lagging" laid horizontally and supported by vertical 2 x 4 studs.   This was reinforced externally by 4 x 8 horizontal timbers 18 feet long, called "wales," and these heavier timbers, in turn, were "tied" with steel rods extending from outside-to-outside, through the wales and lagging.   The wales were not long enough to reach the full length of the form, and were "spliced" by placing a short piece end-to-end with longer piece.   In order to give strength and rigidity, and to overcome defect incident to the use of shorter timbers, the wales were laid two-ply so that the "breaks," or "joints" were covered by overlapping alternate timbers. When each complement was laid, the result was that two 4 x 8's were bolted side by side, giving a completed 8 x 8 wale.

The first and second wales had been finished with the crew working from the ground.   Thereafter, it was necessary for one man to work from the side of the form placing the timbers.   For convenience in temporarily placing the wales, brackets were nailed to the 2 x 4 studs at convenient distances along the side of the form, upon which the heavier timbers were laid until bolted.

At the time appellant experienced his misfortune, he was working at a point about fourteen feet from the ground.   He was standing on a completed wale, assisting in the placing of timbers on the bracket above.

The first 4 x 8 for the fourth wale had been put in position, but not bolted when the second timber was drawn up by a fellow-servant named Cook, operating from the top of the form by means of a rope. Appellant testified that he had followed the timbers up, and while standing about six feet from the end of the form on the bolted 8 x 8 platform, he held to one of the 2 x 4 studdings with his right hand. While in this attitude one end of the timber which was being drawn up by Cook caught under the bracket near appellant, the other end then extending to a point beyond the west end of the form, where a fellow servant named Robertson was stationed. Appellant says he undertook to disengage the timber from the bracket, and as he did so Robertson negligently jerked the other end; that he (appellant) grabbed for safety and caught the wale that had been temporarily placed on the brackets; that not having been bolted, it turned, and he fell to the ground and sustained serious injuries.

Appellant admitted that he had been in the bridge building service about four years; that he was experienced in building forms, and knew all about the work.

We think there was sufficient testimony for submission to the jury. If appellant's claim that Robertson negligently manipulated the timber is sustained, recovery would lie. Appellant said: "I had the timber out this way (indicating) and this other wale was next to my shoulder. It wasn't fastened, and when he (Robertson) jerked that wale to him, why, it jerked me loose and I hollered at him and grabbed at the first waling that had been put up there, and it rolled over and I fell . . . Robertson grabbed the timber and jerked it around toward him . . . That jerked me loose from the studding I was holding on to."

Reversed and remanded for a new trial.